Patricia JARRELL, Appellant,

v.

**PARK CITIES CARPET AND UPHOLSTERY CLEANING, INC., Appellee.**

No. 05–98–01968–CV.

Court of Appeals of Texas, Dallas.

Aug. 23, 2001.

Charles W. McGarry, Law Offices of Charles W. McGarry, Dallas, for Appellant.

Russell W. Schell, Schell, Beene, Vaughan & Quillin, L.L.P., Dallas, for Appellee.

Before Justices BRIDGES, O'NEILL, and FARRIS.[1]

## OPINION

Opinion by Justice FARRIS.

Patricia Jarrell brings this appeal from a directed verdict in favor of Park Cities Carpet and Upholstery Cleaning, Inc. (Park Cities). The trial court granted the directed verdict following its exclusion of Jarrell's causation evidence under a *Robinson/Havner* analysis.[2] We conclude the trial court abused its discretion by excluding her causation evidence. We reverse and remand.

Cigarette smoke seeped into the offices where Jarrell worked. Park Cities was hired by the building's property manager to remove the smoke odor. Before beginning the work, the president of Park Cities spoke with the manufacturer of Unsmoke Thermo 55 and Unsmoke 9–D–9. The manufacturer advised against using the two solutions, but Park Cities disregarded this advice. The morning after the application of Thermo 55 and 9–D–9, Jarrell and seventeen of her co-workers reported feeling ill. Reported symptoms included eye, nose, and throat irritation, headaches, and nausea.[3] Jarrell's suit seeks to establish that her airways and nervous system disorders were caused by exposure to Thermo 55 and 9–D–9.

We must determine whether the trial court abused its discretion in excluding the challenged testimony. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex.1995). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985). The *Robinson* Court concluded a trial court did not abuse its discretion in excluding expert testimony when: (1) the testimony was not based upon a reliable foundation; (2) no testing was conducted to exclude other possible causes; (3) the expert's methodology was suspect; (4) the expert's research was conducted for litigation; (5) the expert's methodology had not been subjected to peer review or publication. *Robinson*, 923 S.W.2d at 558–59.

Park Cities's *Robinson/Havner* argument before both the trial court and this Court is that there are no epidemiological studies on Thermo 55 and 9–D–9. Jarrell responded by offering numerous epidemiological studies on the chemical components of Thermo 55 and 9–D–9. The epidemiological studies were proffered with the testimony of Dr. Michael Nicar, a toxicologist.

---

1. The Honorable David F. Farris, Former Justice, Second District Court of Appeals, Fort Worth, Texas, sitting by assignment.

2. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706 (Tex.1997); *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549 (Tex. 1995).

3. The material safety data sheet (MSDS) for Thermo 55, prepared by the manufacturer, provides: "premature re-occupancy of treated area may cause eye, throat, and respiratory irritation. Acute over-exposure may result in irritation of the throat and lungs. Headache." The MSDS for 9–D–9 contains similar warnings.

Park Cities does not contest the validity of the studies offered on the *components* of Thermo 55 and 9–D–9. Rather, Park Cities contends no studies are valid unless they deal specifically with Thermo 55 or 9–D–9, not merely its components.

Jarrell also proffered the testimony of her treating physician, Dr. Alfred Johnson. Dr. Johnson relied on differential diagnosis, double-blind placebo testing, a brain scan, and chest x-rays. Dr. Johnson published an article on the use of brain scans to diagnose chemical injuries to the brain. Dr. Johnson testified he treated hundreds of people exposed to similar chemicals who suffered similar neurotoxic and respiratory injuries. The trial court excluded testimony from Dr. Nicar and Dr. Johnson as unreliable.

Park Cities's argument for the exclusion of the epidemiological studies and the testimony of Dr. Nicar and Dr. Johnson is built on a single proposition: no epidemiological study is admissible in this case unless it specifically names Thermo 55 and 9–D–9, the two registered trademarks of the solutions at issue. The trial court agreed with Park Cities. A manufacturer could make slight variations in chemical solutions, apply different trade names, and then assert there was no study on the variant solution. Such an application reduces the *Robinson/Havner* analysis to a matter of semantics, not science. Because the trial court excluded reliable causation evidence on the components of Thermo 55 and 9–D–9, we sustain Jarrell's first issue.

Having sustained Jarrell's first issue, we need not consider Jarrell's remaining issue. *See* Tex.R.App. P. 47.1. The trial court's judgment is reversed, and this case is remanded for further proceedings.